IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JESSE COPELAND | § | |
| v. | § | CIVIL ACTION NO. 9:08cv94 |
| BRAD LIVINGSTON, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Jesse Copeland, proceeding *pro se*, filed this civil lawsuit complaining of alleged deprivations of his rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Copeland alleged various violations of his right to religious freedom. After an evidentiary hearing, the lawsuit was dismissed; however, Copeland asserted that he did not receive a copy of the Report recommending dismissal. A copy was provided to him and the time for filing objections was reopened. After review of Copeland's pleadings, the lawsuit was reopened as to one claim. This claim was that Copeland, a Muslim, was required to worship in a chapel containing Christian symbols and icons. Copeland stated that this requirement violated sacred tenets of the Muslim faith

After the lawsuit was reopened, the Defendants filed a motion for summary judgment, to which Copeland filed a response. Copeland also filed a motion for partial summary judgment of his own. This motion asserted that TDCJ policy was to remove the icons and symbols, but that this policy is not always followed.

In their motion for summary judgment, the Defendants asserted, *inter alia*, the defense of exhaustion. They stated that the only grievance filed by Copeland did not specifically complain about being forced to worship in a chapel containing Christian icons and symbols; instead, this grievance focused on Chaplain Shabazz, and only made a single fleeting reference to "restricting Muslim offenders to perform the Jjumu'ah Salaat (prayers) in a chapel which does not accommodate the 'minimal' requirements to permit a lawful mode of prayer for Muslims." No mention is made in Copeland's grievance of Christian icons or symbols, and the only relief sought is that Chaplain Shabazz be replaced by another imam and that the Muslim community receive an apology for Shabazz's remarks.

Based on this, the Defendants argued that Copeland's grievance was not sufficient to exhaust administrative remedies on a claim of being forced to worship in a chapel containing Christian icons and symbols, because it did not provide "fair notice" of the nature of his claim. Although Copeland asserted that he had complained that the chapel did not accommodate the minimal requirements to permit a lawful mode of prayer, the Magistrate Judge concluded that Copeland's grievance did not provide the Defendants with fair notice. Thus, the Magistrate Judge recommended that the Defendants' motion for summary judgment be granted on the issue of exhaustion.

Copeland filed objections to the Magistrate Judge's Report on August 2, 2010. In his objections, Copeland says that he specifically stated in his grievance exactly which policy and what well-established laws the Defendants were violating. He says that "the evidence is clear" that the Defendants knew exactly what he was complaining about, as shown by inter-office memos discussing the issue of the pews with crosses. In addition, Copeland says, his Step One grievance was not rejected as being insufficient. He again insists that he "cited the policy and case law they were in violation of."

The Magistrate Judge's Report set out the complete text of the Step One grievance which Copeland filed. This grievance reads, in its entirety, as follows:

> My complaint is strictly against the "unqualified" Islamic regional chaplain for his incompetent callous disregard of the Islamic life and practices – in favor of collaborated with the Christian chaplain in a "dictatorship" agreement that knowingly deprives Muslims of invested religious right(s). In concerted addition, this is to include Warden Sweetin for his blind supported approval to their violations and prohibited employed treatment against the Islamic religion.
>
> Notwithstanding, the above forementions are continuously engaged in acts of willful disregard for the Holy Qu'ran mandate to follow the authority of Allah (G-D)'s Sunnata (the Practice) that is established by His Prophet(s). And under <u>Brown v. Beto</u>, AD 7.30, 6.0, and 6.3, all Muslim offenders has the right to assemble and worship and practice the Islamic way of life (ad-ain) according to the guidelines perfected by the "H.Q." through the Sunnah of Prophet Muhammed (p.b.u.h.) and not by the above forementioned parties; who has on [numerous] occasions violated the below as stated:
>
> * Restricting Muslim offenders to perform the Jumu'ah Salaat (prayers) in a chapel which does not accommodate the "minimal" requirements to permit a lawful mode of prayer for Muslims;
>
> * Compelling the Islamic community to submit to a Christian-standard-dictatorship chaplain, who has "blatantly" stated that "he do not care" about our Islamic rights of worship; while depriving us to do at the same time, to an impermissible Jumu'ah.
>
> * Dividing the Islamic community by allowing only the north end Muslim offenders to attend to open-call Tateem services (Islamic study classes) and not to the south end (medium custody) Muslim offenders, without providing a viable option or opportunity to learn, study, and progress a whole community.
>
> Nor is Warden Sweetin justified by court's security standards to deem his actions taken where appropriate.
>
> These are just a few numbers of cited infractions that the above foremention has and is engaging in an act of unlawful treatments to Muslims.
>
> [Action Requested to Resolve Complaint:] That Chaplain Shabazz be replaced by an Islamic qualifier Imam, and stop the stereo-type dictatorship practice by the unit chaplain - along with an apology to the entire Islamic community in respect to his "blatantly" remarks.

Contrary to Copeland's representation, there is no mention of a specific policy, nor of any case law, referring to the presence of Christian icons and symbols in the chapel. The fact that prison officials may have been discussing this particular issue in other inter-office communications does not show that Copeland's grievance was sufficient to place them on notice that this was his complaint. The Magistrate Judge correctly determined that the Step One grievance file by Copeland was not sufficient to give fair notice of the prison officials of the nature of his complaint regarding

the presence of Christian icons and symbols in the chapel during Muslim prayer services. Copeland's objections on this ground are without merit.

Copeland asserts that he filed a Step Two grievance, but the prison officials have no record of it. Even assuming that he did file a grievance and that this Step Two grievance did cite the policy and case law, Copeland has still not shown that he has exhausted his administrative remedies. The Fifth Circuit has stated that because "proper" exhaustion is required, new issues cannot be raised for the first time in a Step Two grievance. Randle v. Woods, 299 Fed.Appx. 466, 2008 WL 4933754 (5th Cir., November 19, 2008), citing Woodford v. Ngo, 548 U.S. 81, 92-93 (2006); Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004) (grievance must be pursued through both steps before it is considered exhausted). Having failed to raise his complaint about the chapel in his Step One grievance, Copeland could not raise it for the first time in a Step Two grievance, even assuming that he filed a Step Two grievance.

Finally, Copeland complains that the Magistrate Judge is "holding him to a higher pleading requirement." This is not the case. The requirement for his grievance is that he give the Defendants "fair notice" of the subject matter of his lawsuit, and the Step One grievance which he filed, which made no reference to Christian icons or symbols and did not request that such items be removed during Muslim services, simply did not give the Defendants fair notice of the nature of Copeland's complaint in this regard. The Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no.64) is GRANTED on the issue of exhaustion of administrative remedies and the above-styled civil action

be and hereby is DISMISSED with prejudice for failure to exhaust. The Court agrees with the Magistrate Judge's suggestion that counsel for the Defendants would be well advised to consult with his clients to ensure that TDCJ policies regarding the removal or covering of Christian icons and symbols during Muslim services are strictly enforced. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **24** day of **August, 2010.**

_____
Ron Clark, United States District Judge